NISSEN, Appellant, v. EWERS, Respondent.

(201 N. W. 713.)

(File No. 5371. Opinion filed December 31, 1924.)

**Pledges—Negotiable Instruments—Estoppel—Holder of Note Intrusting Collateral to Maker for Collection Cannot Thereafter Collect from Payee on His Indorsement.**

Where defendant as payee of note and pledgee of note of same amount as collateral indorsed note and transferred collateral to plaintiff, who intrusted collateral to original pledgor, who collected same and appropriated proceeds, plaintiff cannot recover on indorsement; defendant not being responsible for loss of collateral.

Action by W. C. Nissen against H. Scott Ewers. Judgment for defendant, and plaintiff appeals. Affirmed.

Appeal from Circuit Court, Brown County; Hon. B. A. WALTON, JUDGE.

*McNulty & Campbell,* of Aberdeen, for Appellants.

*Crofoot & Ryan,* of Aberdeen, for Respondent.

Appellant cited: Rev. Code 1919, Secs. 1770, 1823; Brannon on Negotiable Instrument Law, Sec. 120; German American State Bank v. Watson, 99 Kan. 686, 163 Pac. 637; Vanderford v. Farmers & Mechanics National Bank, 66 Atl. 47, 10 L. R. A. (N. S.) 129; Cellars v. Lyons, 89 Pac. 426; Richards v. Market Exchange Bank Company, 81 Ohio St. Rep. 348, 90 N. E. 1000, 26 L. R. A. (N. S.) 99.

Respondent cited: Colebrooke on Collateral Securities, pp. 20, 87, 96; Reynolds v. Witte, 36 Am. Rep. 678; Thomas v. Arthurs, 54 Pac. 694; Rhomberg v. Avernarious, (Ia.) 112 N. W. 548; 1 Amer. & Eng. Ency. 1152; Farmers' Natl. Bank Etc. v. Nelson, 1917E L, R. A. 506; Halleck L. & M. Co. v. Gray, 34 Pac. 1000.

POLLEY, J. On the 7th day of August, 1918, the C. M. Land Company, a corporation, executed and delivered to respondent its promissory note, whereby it promised to pay to respondent on the 1st day of November, 1918, the sum of $2,000, with interest thereon at the rate of 6 per cent per annum until paid. At the time of the delivery of said note said land company indorsed and transferred to respondent a certain promissory note signed by one Ezra Martin for $2,000, due on the 1st day of November, 1919. On the said 7th day of August, 1918, respondent purchased from appellant a certain automobile at the agreed price of $2,000, and in payment therefor indorsed and transferred to appellant the above land company's note together with the Ezra Martin note as collateral thereto; at which time appellant signed a receipt, which is in words and figures as follows:

"Received of H. Scott Ewers as collateral to the Clark Mc-Collum Land Corporation note of $2,000 note of Ezra Martin for $2,000 due November 1, 1919. [Signed] W. C. Nissen."

All of the above acts occurred at the same time and constituted but a single transaction.

On the 30th day of November, 1918, appellant delivered the said Ezra Martin note to the C. M. Land Company, at which time it made a notation on the above-described receipt as follows:

"Received the above-described note of W. C. Nissen 11/30/18, for collection. [Signed] Clark McCollum Land Corporation, by M. A. Clark, Pres."

On the 20th day of January, 1919, and without knowledge or consent of respondent, the Ezra Martin note, with interest, amounting in all to $2,054.66, was paid in full to the C. M. Land Company, which company converted the said sum of money to its own use. Respondent claiming he was entitled to credit for the amount paid on the Martin note, on his note to appellant, refused to pay for the automobile, and appellant brought this action to recover from respondent as indorser on the C. M. Land Company's note. The case was tried to the court without a jury. Findings, conclusions, and judgment were for defendant, and plaintiff appeals.

It would seem that a statement of the facts is sufficient, and certainly any extended discussion of the issues or citation of authorities is unwarranted. When appellant took the Ezra Martin note, he became responsible to respondent, either for the return of the note to respondent upon the payment of the principal note, or in case the principal note were not paid, then it became his duty to collect the collateral note and credit respondent with the proceeds.

Appellant in his brief says:

"Mr. Nissen released the Ezra Martin note to the Clark McCollum Land Company on the promise of the company that it would collect the note from Martin and pay its note which Mr. Nissen held."

Having released the note to the C. M. Land Company on its promise to collect the note and pay Mr. Nissen, he may look to that company for his money. He selected this company without any directions or suggestions from respondent, as the agency for the collection of the note, and when the note was paid to such agent, the note sued upon was discharged, so far as any liability on the part of respondent is concerned.

The judgment and order appealed from are affirmed.

DILLON, J., not present.

Note.—Reported in 201 N. W. 713. See, Headnote, American Key-Numbered Digest, Pledges, Key-No. 28, 8 C. J. Sec. 1061 (1926 Anno.).